NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R. 1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-3537-15T2

STATE OF NEW JERSEY,

 Plaintiff-Respondent,

v.

GARY GUIONS,

 Defendant-Appellant.
_________________________________

 Submitted October 17, 2017 – Decided October 26, 2017

 Before Judges Fasciale and Moynihan.

 On appeal from Superior Court of New Jersey,
 Law Division, Essex County, Indictment No. 99-
 08-2813.

 Gary Guions, appellant pro se.

 Robert D. Laurino, Acting Essex County
 Prosecutor, attorney for respondent (LeeAnn
 Cunningham, Special Deputy Attorney
 General/Acting Assistant Prosecutor, on the
 brief).

PER CURIAM

 Defendant, who was sixteen years old when he murdered two

victims, appeals from a March 28, 2016 order denying his motion

to correct what he argued was an illegal sentence. Judge Michael
A. Petrolle entered the order and rendered a written opinion. We

conclude the judge did not impose a sentence that violates the

Eighth Amendment's ban on cruel and unusual punishment. We

therefore affirm.

 In 2000, the court waived defendant to adult court and

defendant pled guilty to the murders. In accordance with the plea

agreement, the court sentenced defendant to concurrent forty-year

prison terms, with thirty-four years of parole ineligibility. In

2001, we affirmed defendant's sentence on our excessive sentence

oral argument calendar. State v. Guions, No. A-5983-99 (App. Div.

Jan. 23, 2001).

 Defendant filed a petition for post-conviction relief (PCR),

which the court denied in November 2007. We affirmed the denial

of defendant's PCR petition. State v. Guions, No. A-3843-07 (App.

Div. June 22, 2010), certif. denied, 212 N.J. 459 (2012). Pro se

defendant then filed his motion to correct the sentence, which led

to the order under review.

 On appeal, defendant raises the following arguments:

 POINT [I]
 THE [DEFENDANT'S] JUVENILE DE FACTO LIFE
 WITHOUT PAROLE SENTENCE IS UNCONSTITUTIONAL
 PURSUANT TO THE . . . EIGHTH AMENDMENT OF THE
 UNITED STATES CONSTITUTION AND MILLER [v.]
 ALABAMA, 132 S. CT. 2455 (2012), THE
 PROCEDURAL PROTECTION ENVISIONED IN MILLER
 [v.] ALABAMA WAS NEVER CONSIDERED BY THE
 SENTENCING COURT BEFORE [DEFENDANT'S] DE FACTO

 2 A-3537-15T2
LIFE WITHOUT PAROLE SENTENCE WAS IMPOSED [AND]
THEREFORE IS AN ILLEGAL SENTENCE.

SUBPOINT A
THE DEFENDANT RECEIVED THE SAME SENTENCE AS
AN ADULT[,] THE EIGHTH AMENDMENT REQUIRES A
SEPARATE ANALYSIS FOR JUVENILE OFFENDERS
PROPORTIONALITY[.]

SUBPOINT B
THE SENTENCE WAS OFFENSE BASED AND NOT
OFFENDER BASED AS ENVISIONED IN MILLER[.]

SUBPOINT C
MANDATORY SENTENCES UNCONSTITUTIONALLY
DEPRIVE JUVENILES OF ANY CONSIDERATION OF THE
RELEVANT CHARACTERISTICS OF YOUTH[.]

SUBPOINT D
JUVENILES ARE PARTICULARLY VULNERABLE TO
NEGATIVE INFLUENCES AND OUTSIDE PRESSURES[.]

SUBPOINT E
MANDATORY SENTENCES FOR JUVENILES
IMPERMISSIBLY UNDERMINE THE RELIABILITY OF THE
SENTENCE AS IT RELATES TO THE DEFENDANT['S]
MORAL CULPABILITY AND POTENTIAL FOR MATURITY
AND REFORM AND PREVENT THE TRIAL COURT FROM
FULFILLING ITS CONSTITUTIONAL REVIEW
FUNCTION[.]

SUBPOINT F
BECAUSE [DEFENDANT] WAS [SEVENTEEN] YEARS OLD
AT THE TIME OF THE OFFENSE, THE DE FACTO LIFE
WITHOUT PAROLE OR VIRTUAL FUNCTIONALLY
EQUIVALENT LIFE WITHOUT PAROLE SENTENCE THAT
HE RECEIVED VIOLATED THE PROHIBITION AGAINST
CRUEL AND UNUSUAL PUNISHMENT UNDER BOTH THE
STATE AND FEDERAL CONSTITUTIONS[.]

SUBPOINT G
THE DEFENDANT GARY GUIONS TODAY IS NOT [THE]
SAME GARY GUIONS HE WAS WHEN HE WAS
[SEVENTEEN] YEARS OLD AND WHEN THE OFFENSE
OCCURRED[.]

 3 A-3537-15T2
 POINT [II]
 THE LOWER COURT ERRED AND ABUSED ITS
 DISCRETION IN MISAPP[L]YING THE LAW IN DENYING
 [DEFENDANT'S] MOTION TO CORRECT AN ILLEGAL
 SENTENCE WIHTOUT AFFORDING AN EVIDENTIARY
 HEARING TO DETERMINE THE QUESTION OF THE
 LEGALITY OF HIS SENTENCE DENIED HIM OF THE
 RIGHT TO BE HEARD IN FULL.

 After considering the record and the briefs, we conclude that

defendant's arguments are "without sufficient merit to warrant

discussion in a written opinion." R. 2:11-3(e)(2). We conclude

an evidentiary hearing was unwarranted and affirm substantially

for the reasons expressed by Judge Petrolle. We add the following

brief remarks.

 The Eighth Amendment to the United States Constitution

prohibits cruel and unusual punishment and "guarantees individuals

the right not to be subjected to excessive sanctions." Roper v.

Simmons, 543 U.S. 551, 560, 125 S. Ct. 1183, 1190, 161 L. Ed. 2d

1, 16 (2005). The Eighth Amendment's provisions are applicable

to the states through the Fourteenth Amendment. Ibid. New

Jersey's analog to the Eighth Amendment similarly declares that

"cruel and unusual punishments shall not be inflicted." N.J.

Const. art. I, ¶ 12.

 In Miller v. Alabama, 567 U.S. 460, 132 S. Ct. 2455, 183 L.

Ed. 2d 407 (2012), the United States Supreme Court held that a

mandatory life sentence without the possibility of parole for

 4 A-3537-15T2
those under the age of eighteen at the time of their offense

violates the Eighth Amendment's prohibition on cruel and unusual

punishments. Miller, supra, 567 U.S. at 479, 132 S. Ct. at 2469,

183 L. Ed. 2d at 424. Miller rejected a "categorical bar on life

without parole for juveniles." Ibid. Unlike in Miller, defendant

did not receive a mandatory life sentence without parole.

Defendant received concurrent forty-year prison terms with thirty-

four years of parole ineligibility. Nothing in Miller prevents

the court from imposing such a sentence. Finally, the court

complied with Miller and considered defendant's age at sentencing.

Id. at 479-80, 132 S. Ct. at 2469, 183 L. Ed. 2d at 424.

 Affirmed.

 5 A-3537-15T2